FILED JS
·· DIS ·F·C· COUR· CLERK
WESTERN DISTRICT OF KY



&AO 241
(Rev. 10/07)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: WESTERN DISTRICT of KENTUCKY | |
|---|---|---|
| Name (under which you were convicted): Mark Damian Yarmey | | Docket or Case No.:<br>3:19-CV-528-CRS |
| Place of Confinement: Green River Correctional Complex<br>1200 River Rd./P.O. Box 9300<br>Central City, KY. 42330 | Prisoner No.: 234693 | |
| Petitioner (include the name under which you were convicted)<br><br>Mark Damian Yarmey | Respondent (authorized person having custody of petitioner)<br>v.  Keven Mazza, Warden | |
| The Attorney General of the State of  Kentucky | | |

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
    Jefferson Circuit Court
    Hall of Justice
    600 West Jefferson St., 2nd Floor
    Louisville, KY. 40202-2740

    (b) Criminal docket or case number (if you know):    08-CR-001191

2.  (a) Date of the judgment of conviction (if you know): 12-11-2009

    (b) Date of sentencing:  03-01-2010

3.  Length of sentence: 15 years

4.  In this case, were you convicted on more than one count or of more than one crime?    ☐ Yes    ☒ No

5.  Identify all crimes of which you were convicted and sentenced in this case:
    Use of a Minor U/16 in a Sexual Performance

6.  (a) What was your plea? (Check one)

    ☒ (1)  Not guilty        ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty            ☐ (4)  Insanity plea

(2b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

NA

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes    ☐ No

8.  Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.  If you did appeal, answer the following:

(a) Name of court: Kentucky Court of Appeals

(b) Docket or case number (if you know): No: 2010-CA-604

(c) Result: Affirmed

(d) Date of result (if you know): 12-22-2011

(e) Citation to the case (if you know):

(f) Grounds raised:

Trial Court Abused its Discretion in Admitting the Seven Photographs
Trail Court Erred in Ruling that KRE 412 Barred Testimony Concerning the Florida Rape
Appellant was Entitled to a Limiting Instruction

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: Jefferson Circuit Court

(2) Docket or case number (if you know): 08-CR-001191

(3) Date of filing (if you know): 06-28-12

(4) Nature of the proceeding: Pro-Se RCr 11.42 and Supplemental RCr 11.42

(5) Grounds raised: Trial Counsel was deficient by failing to, 1) conduct an adequate investigation of the case and inspection of evidence to determine if the camera still contained photos, 2) request the Court to instruct and inform the jury about the number and nature of the photos in the camera after photos were discovered 3) request mistrial to allow time for exam of the newly discovered photo evidence to determine their nature and origin, including whether they originated from the same photo pack. Counsel was ineffective in his general presentation due to a prior auto accident and prescribed narcotics. Trial Counsel was ineffective by his failing to investigate previous claim of rape upon the complaining witness, to request psychological exam on the complaining witness and for failing to follow the rules of civil procedure in presenting the prior unreported sexual assault on the prosecuting witness. Counsel failed to explain the negative consequences of allowing, and in fact requested that Mr. Yarmey waive his 5th amend. right against self incrimination and testify on his own behalf then failed to prepare him to testify. Counsel was ineffective in that he failed to explain plea/sentencing form.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒ Yes    ☐ No

(7) Result: Denied

(8) Date of result (if you know): 02-12-2016

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐   Yes    ☐  No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes       ☐   No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1)  First petition:      ☐   Yes       ☐   No

(2)  Second petition:   ☐   Yes       ☐   No

(3)  Third petition:     ☐   Yes       ☐   No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
         laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
         supporting each ground.

         CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
         remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
         grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Petitioner was denied due process of law under the 14th Amend. to the U.S. Const. when the
trial court abused its discression by admitting seven legal photographs into evidence that were unrelated
to the indicted charges.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During a pre-trial
confrence and even during the actual trial (outside the presence of the jury), the Com. Atty. stated to the court
that "the seven photographs that we have here are the same photographs that were presented to the Grand Jury and are
not illegal." Even though the Com. Atty. admitted that the seven photos were legal photos and were not evidence
supporting the indicted charge, the trial court still admitted the photos over the objection from trial counsel,
which led to the Com.Atty. presenting these legal photos to the jury on an overhead projection screen and making the
following statements to the jury: 1)"that picture is a crime scene, that child is about to get molested, that child
is being exploited." 2) "You can go back and look at these pictures and say, you know what, this whole transaction was
criminal." 3)"Its not our job here today to decide whether or not those pictures were immoral, our job here today
is to determine whether or not Mr. Yarney's conduct crossed the line and these photographs were criminal." Allowing
these legal photographs to be admitted into evidence led the Com. Atty. making totally false statements to the
jury and was prejudicial to the Petitioner.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☒ Yes          ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:


(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes          ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion or petition?                                   ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?                           ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:** Petitioner was denied his right to effective assistance of counsel under the 6th Amend. to the U.S. Const. when trial counsel failed to conduct an adequate investigation of the case concerning an important piece of the Com.'s evidence, that being the Polaroid 600 instant camera.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During a search of Petitioner's home, police confiscated some items including a Polaroid Camera. Petitioner admitted during his interrogation that he used the Polaroid to take legal photos of the alleged victim for a modeling portfolio 10 years earlier at the request of her mother. The alleged victim had given the detective in this case these 7 legal photos and she alleged that atleast 8 semi-nude and nude photos were taken after the first 7. No proof existed of the additional photos. Petitioner had informed trial counsel early in the case that at the time he took the 7 photos, the camera had not been used since he left his job as building and electricial inspector for Jefferson County in 1994 and then had not been used since the taking of the 7 photos. During trial, while inspecting the camera, trial counsel discovered that the camera still contained 3 undeveloped photos. This is easily discovered by looking at the picture counter that displays how many undeveloped photos remain in the camera, starting with 10, counting down to 1, the camera will only hold 1 film pack containing 10 photos. The Court, Com.Atty. and trial counsel all admitted this to be a fact. If trial counsel had been just the least bit motivated to even a haphazard investigation, he would have inspected the evidence before trial and discovered the undeveloped photos in the camera and have hired an expert who would have determined that those 3 photos came from the same photopack as the 7 legal photos. Testimony at trial by the alleged victim was that the Petitioner never changed film in the camera while taking photos of her. This testimony by the alleged victim herself, in addition to testimony from an expert in photography, if counsel would have hired one, would have proven that other photos were never taken and the outcome of of the trial would have been different.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Ineffective Assistance of Counsel

Name and location of the court where the motion or petition was filed: Jefferson Circuit Court, Hall of Justice, 600 West Jefferson St., 2nd floor, Louisville, KY. 40202-2740

Docket or case number (if you know):  08-CR-001191

Date of the court's decision:  02-12-2016

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Kentucky Court of Appeals
Frankfort, Kentucky.

Docket or case number (if you know): 2016-CA-001245

Date of the court's decision: 1-11-2019

Result (attach a copy of the court's opinion or order, if available): Conviction and Sentence Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:** Petitioner was denied his right to effective assistance of counsel under the 6th Amend. to the U.S. Const. when trial counsel failed to request the court to inform and instruct the jury concerning the number of undeveloped photos that were discovered in the camera.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During trial while inspecting the camera, trial counsel discovered that the camera still contained 3 undeveloped photos. This is easily discovered by looking at the photo counter that displays how many undeveloped photos remain in the camera, starting with 10, counting down to 1. The camera will only hold 1 film pack containing 10 photos. The court, Com., and trial counsel all admitted this to be a fact. The court even did an extensive internet research on the Polaroid 600 instamatic camera to verify this fact. After the discovery of the undeveloped photos the Com. Atty. began tampering with the camera and ejected all 3 photos and then removed the photopack. All parties then agreed to a stipulation (issue of fact) to give to the jury as follows:"Ladies and Gentlemen, the parties have reached an agreement on issues of fact. We call it a stipulation. This camera, a Polaroid 600, generates a photo that looks like the one that will be introduced into evidence, I suppose, and that this camera uses an instant photopack that goes in containing 10 photos that come

out. So, part two stipulation, this is what comes out of the camera, this size photo and that this camera is able to produce, using a full pack, 10 of these." However, the stipulation did not include the critical fact that 3 undeveloped photos had been in the camera until they were ejected by the Com. Atty. because trial counsel failed to request this most critical fact to be included. This was most critiacl due to the 3 photos having been ejected from the camera while the jury was **not** in the courtroom so the **jury never had knowledge** of this fact that 7 photos plus the 3 photos equals 10 photos equals the fact that no other photos were taken which equals a different out-come of the trial.

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Ineffective Assistance of Counsel

Name and location of the court where the motion or petition was filed: Jefferson Circuit Court, Hall of Justice, 600 West Jefferson St., 2nd floor, Louisville, KY. 40202-2740

Docket or case number (if you know): 08-CR-001191

Date of the court's decision: 02-12-2016

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Kentucky Court of Appeals, Frankfort, KY.

Docket or case number (if you know): 2016-CA-001245

Date of the court's decision: 01-11-2019

Result (attach a copy of the court's opinion or order, if available): Conviction and Sentence Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** Petitioner was denied his right to effective assistance of counsel under the 6th Amend. to the U.S. Const. when trial counsel failed to request a mistrial to allow the "newly discovered evidence" to be examined by an expert.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During trial while inspecting the camera, trial counsel discovered that the camera still contained 3 undeveloped photos. This is easily discovered by looking at the photo counter that displays how many undeveloped photos remain in the camera, starting with 10, counting down to 1. The camera will only hold 1 film pack containing 10 photos. The court, Com., and trial counsel all admitted this to be a fact. the Court even did extensive internet research on the Polaroid 600 instamatic camera to verify this fact. After the discovery of the undeveloped photos, the Com. Atty. began tampering with the camera and ejected all 3 photos and then remove the photopack. Trial counsel and the jury was very aware of the 7 legal photos in evidence that the Petitioner had admitted he took of the alleged victim at the request of the mother. The alleged victim testified that at least 8 more semi-nude and nude photos were taken of her that were never found. However, her testimony at trial was that Petitioner never changed film in the camera- a camera that will only produce 10 photos without changing film. If the jury had heard testimony from an expert in photography that the 7 legal photos of the victim and the 3 undeveloped photos that were ejected from the camera by the Com. Atty. came from the same photopack, the outcome of the trial would have been different.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐  Yes        ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒   Yes        ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Ineffective Assistance of Counsel

Name and location of the court where the motion or petition was filed: Jefferson Circuit Court, Hall of Justice, 600 West Jefferson St., 2nd floor, Louisville, KY. 40202-2740

Docket or case number (if you know): 08-CR-001191

Date of the court's decision: 01-12-2016

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☒ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Kentucky Court of Appeals Frankfort, KY.

Docket or case number (if you know): 16-CA-001245

Date of the court's decision: 01-11-2019

Result (attach a copy of the court's opinion or order, if available): Conviction and Sentence Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

GROUND Five: Petitioner was denied his right to effective assistance of counsel undere the 5th,6th, and 14th Amend. to the U.S. Const. when counsel proceeded to trial under the influence of prescription narcotics rendering him ineffective.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Prior to Petitioner's trial in the spring of 2009 trial counsel was involved in a tragic car accident in South Carolina when he was moving. Counsel's father died in this accident and counsel suffered serious back injuries and other serious injuries. The situation was so serious trial was continued from 5-26-2009 until 12-08-2009. Due to counsel's serious injuries and the death of his father, counsel was taking pain and antidepresants. These drugs affected counsel to the point that counsel had to het help from the Petitioner's son to open his pill bottle. The additional effect of these pills was counsel's inability to function within the norms of competant counsel. The inability is proven by his lack of coherent questions, articulatable strategy, lack of preparation, and numerous errors. Counsel failed to illicit testimony that no images of the alleged victim were found anywere veen though a full forensic exam was conducted by the Com. Counsel failed to hire experts to testify about the exam or transference relating to other statements by the accuser that she had been abused by others. He failed to object to improper voir dire questions even after the Judge pointed them out to him. Had Counsel articulated that the 7 legal photos presented at trial and the 3 taken from the camera by the Com. accounted for all the photos the camera held the outcome of trial would have been different.

(b) Direct Appeal of Ground Five:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☒ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Ineffective Assistance of Counsel

Name and location of the court where the motion or petition was filed: Jefferson Circuit Court, Hall of Justice, 600 West Jefferson St., 2nd floor, Louisville, KY. 40202-2740

Docket or case number (if you know): 08-CR-001191

Date of the court's decision: 01-12-2016

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☒   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☒   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Kentucky Court of Appeals Frankfort, KY.

Docket or case number (if you know): 16-CA-001245

Date of the court's decision:   01-11-2019

Result (attach a copy of the court's opinion or order, if available): Conviction and Sentence Affirmed

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

ROUND

GROUND SIX: Petitioner was denied his right to effective assistance of counsel under the 6th Amend. to the U.S. Const. when counsel failed to comply with the requirements of KRE 412.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Counsel planed to question the accuser concerning several unreported cases of abuse by the accuser including an unreported claim of a rape that accured in Florida. Counsel failed to make a motion to the court as required by KRE 412 prior to the attempted questioning. The purpose of this questioning was to establish if this alleged and unreported rape had actually occured, She was transfering the feelings of anger from that incident to the defendant. Had this incident and others actually not occured this would have been evidence of her lack of credibility. Additionally, Counsel, knowing that he was going to pursue a transference as part of his defense, failed to aquire an expert to explain or convey that there wasa transference that occured. In the same vain, and knowing that the accuser hadclaimed "she had been in therapy ever since you (Petitioner) did it." Counsel failed to aquire those records from the accuser's therapist or have a psychological evaluation conducted on the accuser. Had Counsel preformed any of these duties the jury would have been shown the accuser was transfering her anger onto the defendant and would have also been shown her lack of credability.

(b) Direct Appeal of Ground Six

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☒  No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Ineffective Assistance of Counsel

Name and location of the court where the motion or petition was filed: Jefferson Circuit Court,Hall of Justice, 600 West Jefferson St., 2nd floor, Louisville, KY. 40202-2740

Docket or case number (if you know): 08-CR-001191

Date of the court's decision: 01-12-2016

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☒   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☒   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Kentucky Court of Appeals
Frankfort, KY.

Docket or case number (if you know): 16-CA-001245

Date of the court's decision: 01-1102019

Result (attach a copy of the court's opinion or order, if available): Conviction and Sentence Affirmed

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

ROUND

GROUND SEVEN: Petitioner was denied his right to effective assistance of counsel under the 6th Amend. to the U.S. Const. when trial counsel failed to object to Class Habit Evidence testimony by Sgt. Joshua Judah.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During questioning by the Com. Atty., Sgt. Joshua Judah, a Sgt. in the Crimes Against Children Unit was asked,"And are delayed disclosure cases rare in the Crimes Against Children Unit?" His response was, "No. What I just told you all about, most of the cases we get are delayed. At least, its very rare we get a case where we have a chance to go out and get physical evidence. And its very, very common that you don't. The case doesn't come across the detective's desk until two or three years, at least, after it happened. The nature of these offenses and the way they occur, it occurs with children who were afraid to go and report it to anyone." This statement, combined with multiple statements listed in Grounds Eight, Nine, and Ten were very prejudicial to Petitioner's Defense.

(b) Direct Appeal of Ground

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑    No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑    No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Raising this issue per **Martinez V. Ryan** – Ineffective Assistance of trial counsel issue not raised in the initial RCr 11.42 post-conviction proceeding.

⊦ROUND

GROUND EIGHT: Petitioner was denied his right to effective assistance of counsel under the 6th Amend. to the U.S. Const. when trial counsel failed to the multiple instances of Class Habit Evidence by Det. Angela Merrick.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Following the testimony of Sgt. Judah, Det. Angela Merrick was the Comm.'s next witness. The Com. Atty. asked Det. Merrick, "When it comes to these sorts of cases, do the majority of them, do they usually get prosecuted, a case that makes it to your desk?" Her response was, "No, sir. Just like Det. Judah said, the majority of them do not." Later, she stated, "However, with our juvenile victims, a lot of times they don't disclose initially. Sometimes it takes a little while before they disclose sexual abuse to them." A few seconds later, the Com. Atty. asked, "And sometimes does it take people 5 years, 10 years, 20 years to come forward?" Det. Merrick answered, "Quite often most of our cases are like that." There are 4 other instances of this Class Habit Evidence testimony from Det. Merrick. All of this testimony was highly prejudicial and should have been objected to by trial counsel.

(b) Direct Appeal of Ground

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: Raising this issue per **Martinez V. Ryan,** Ineffective Assistance of trial Counsel issue not raised in the intial RCr 11.42 post-conviction proceeding.

ROUND

GROUND NINE: Petitioner was denied his right to effective assistance of counsel under the 6th Amend. to the U.S. Const. when trial counsel failed to object to Class Habit Evidence testimony by former Det. Mike Mulhall.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During questioning by the Com. Atty., Det. Mulhull was asked, "If we can't get a victim, and I'm trying to think of cases you and I have worked on. If we can't get a victim that will come into this courtroom, our case is dead?" He answered, "Correct". Com. Atty: "And theperpetrator goes free?" Det Mulhall: "Correct" Com. Atty.: "And sometimes these victims come back when they're older?" Det. Mulhall: "Oh, yes." Com. Atty.: And thy're ready?" Det. Mulhall: "Oh, yes." Com. Atty.: "We have a delayed disclosure?" Det. Mulhall: "Yeah. People don't understand why the delay, why they do that." This exchange is more class Habit Evidence that was prejudicial to the Petitioner and should have been objected to by trial counsel.

(b) Direct Appeal of Ground

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: Raising this issue per **Martinez V. Ryan,** - Ineffective Assistance of trial counsel issue not raised in the initial RCr 11.42 post-conviction proceeding.

ROUND

**GROUND TEN:** Petitioner was denied his right to effective assistance of counsel under the 6th Amend. to the U.S. Const. when trial counsel failed to object to multiple instances when the Com. Atty. compareed the Petitioner and the alleged victim to other cases using Class Habit Evidence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During closing, the Com. Atty. argued Class Habit Evidence multiple times to the jury :1) "And I've touched on this already. It is the nature of these sorts of cases that kids don't come forward. Okay? Weather it is to a trusted friend, whether it is to a parent in a good home environment, which she did not have, its just the nature of these cases." 2) "I hope when you all go back there, say on onehand, we've got a victim who fits the profile of a child abuse victim, okay, a child sex abuse victim. This is it. Okay?" 3) "But I tried to make it a point in this case to show you these sort of offenders come in all shapes and sizes. They are employed, they are unemployed. They are intelligent, they are uneducated. Its all across the spectrum. Okay?" 4)" That child grew to be an adult who started having nightmares, and they are getting better. Notice they are getting better when this process picks up. When we start the process of seeking justice, she's starting to get better. And that's an absolute appropriate response of a victim of child sexual abuse." 5)"We learned a lot about child sex abuse cases in this trial from people we put on who are on the front lines with this stuff and deal with delayed disclosure. That's the phenomenin when a victim does not go immediately to a trusted adult or call 911." Allowing the Com Atty. to argue Class Habit Evidence over and over and over without objection was highly prejudicial to the Petitioner.

(b) **Direct Appeal of Ground**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: Raising this issue per **Martinez V. Ryan,** - Ineffective Assistance of trial counsel issue not raised in the initial RCr 11.42 post-conviction proceeding.

ROUND

GROUND ELEVEN: Petitioner was denied his right to effective assistance of counsel under the 6th Amend. to the U.S. Const. when trial counsel failed to raise the issue of purjured Grand Jury Testimony.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During Petitioner's trial, uotside the presence of the jury, the Com. Atty. stated to the court on two different occasions that, "These are the same photographs that were presented to the Grand Jury and these are not illegal photographs." Those 7 legal photos were the only ones presented to the Grand Jury or used in trial proceedings. However, the Com. Atty. presented these 7 photos to the Grand Jury through testimony of Det. Merrick and led them to believe they had numerous other nude photos. This was not true because no other photos existed. After hearing this statement and while looking at the 7 legal photos, a member of the Grand Jury stated "I mean, its child abuse too." The Com. Atty. remained silent, letting the Grand Jury believe that nude photos existed and the 7 legal photos were illegal and also considered " child abuse". Det. Merrick made another false statement to the Grand Jury, telling them,"And then I asked him about the nude pictures, he said if they were taken along with these other picutures that I have, then he must have took those too." This was an absolute false statement as Petitioner never admitted to taking nude photos. This false and misleading testimony frof Det. Merrick along with the Com. Atty. allowing the Grand Jury to believe evidence existed that did not was prejudicial to Petitioner. It was the responsibility of trial counsel to move for the dismissal of the indictment without prejudice and allow only truthful testimony and evidence that actually existed to be presented to a new Grand Jury.

(b) Direct Appeal of Ground

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: Raising this issue per **Martinez V. Ryan,** – Ineffective Assistance of Trial Counsel issue not raised in the initial RCr 11.42 post-conviction proceeding.



ROUND

GROUND **TWELVE:** Petitioner was denied his right to effective assistance of counsel under the 6th Amend. to the U.S. Const. when trial counsel failed to insure that the jury instructions would require a unanimous verdict.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During the testimony of the alleged victim, the Com. Atty. asked her to identify 7 photos for the jury. These were the same 7 photos that the Com. Atty. refered to twice in court, out of the presence of the jury, as being the "same photographs that were presented to the Grand Jury and these are not illegal photographs." During crossexamination by trial counsel, the alleged victim stated that in addition to the 7 photos that were admitted into evidence, there were 8 more photos taken, some topless, some nude, for a total of 15 photos. The Instruction No. 2, Use Of A Minor In A Sexual Performance, stated as follows:1) That in Jefferson Co. Ky.,between January 1,1998 and March 6,2000, the defendant knowingly employed, consented, authorized or induced Erin Brannick to engage in a sexual performance; AND 2) that at the time of such contact, Erin Brannick was less than 16 years of age. It is not evident and clear from these instructions and verdict form that the jury agreed, not only that Petitioner committed one count of Use Of A Minor In A Sexual Performance, but also exactly which photo they all believe constituted this charge! Petitioner was denied a unanimous verdict and thus, due process of law because trial counsel failed to object to this instruction.

(b) Direct Appeal of Ground

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: Raising this issue per **Martinez V. Ryan,** – Ineffective Assistance Of trial Counsel issue not raised in the initial RCr 11.42 post-conviction proceeding.

GROUND THIRTEEN: Petitioner was denied his right to effective assistance of counsel under the 6th Amend. to the U.S. Const. when trial counsel allowed the alleged victim to be released and not subject to recall.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The alleged victim, Erin Branick, was the Com.'s first witness at trial. At the end of her testimony, trial counsel did not inform the the court that he wanted her subject to recall (for impeachment purposes) and even agreed to let her remain in the courtroom as an exhibit for the jury. Later in the trial, during a bench confrence, trial counsel stated to the court and the Com. Atty. that,"She (Erin) told Det. Merrick that she had long hair at the time and he (Petitioner) grabbed her long hair and pulled her forward. Now, the photographs show that she had short hair at the time." Com. Atty., replied "Objection, hearsay." Judge responded "that's what Michelle (Erin) told him? that's hearsay. That would have been a question you could have presented to her." This was very relevant because she had told Det. Merrick during her first interview that she had long hair at the time the 7 photos were taken, and this interview was before she searched her mom's house and found the 7 photos. In closing argument, the Com. Atty. stated, "Everything she (Erin) said to the last detail checked out. Find me one inconsistency!" Later on, he stated, "Was she ever impeached? Did you see that moment? No!" And another time, he states, "Her story checks out without one inconsistency. Not one incorrect detail." These statements alone show Petitioner was prejudiced by the ineffectiveness of trial counsel.

(b) Direct Appeal of Ground

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐     No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: Raising this issue per **Martinez V. Ryan,** - Ineffective assistance of trial counsel issue not raised in the initial RCr 11.42 post-conviction proceeding.

GROUND FOURTEEN: Petitioner was denied his right to effective assistance of counsel under the 6th Amend. to the U.S. Const. when trial counsel demonstrated his obvious incompetence during a failed objection to inadmissible evidence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.) During the testimony of Sgt. Judah, the Com. Atty. questioned him concerning a scanner that was collected as evidence at Petitioner's home. Trial Counsel objected, stating that there was no evidence to show that Petitioner owned the scanner when the photos were taken in 1998. Com. Atty. stated no evidence existed showing that he didn't and the jury could decide that fact. The judge overruled the objection and admitted the scanner into evidence as an exhibit. If trial counsel had brought it to the attention of the trial court that the manufacturing date of the scanner was stamped 2006, his objection would have been sustained. Petitioner had told Det. Merrick during his interrogation that he did not own a scanner when the 7 photos were taken in 1998. However, during her interview, the alleged victim had told Det. Merrick that the Petitioner had "scanned" the photos on a scanner back in 1998 and testified to this happening. Petitioner's son also testified there was not a scanner in their home until 2006. Petitioner testified that the scanner was a gift he received in 2006. He testified it was used for school related work as he was a school teacher, teaching electricity. Trial counsel was obviously incompetent for not pointing out to the court that this scanner was not manufactured until 2006 which resulted in a failed objection and allowed a fictitious inadmissable and highly prejudicial piece of evidence to be admitted as an exhibit.

(b) Direct Appeal of Ground

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

   Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: Raising this issue per **Martinez V. Ryan,** – Ineffective assistance of trial counsel issue not raised in the initial RCr. 11.42 post-conviction proceeding.

GROUND FIFTEEN: Petitioner was denied effective assistance of counsel under the 6th Amend. to the U.S. Const. when trial counsel failed to object to hearsay statements of Cindy Brannick and Keitha (last name unknown)(non-testifying witnesses) introduced through testimony of Erin Brannick.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During Petitioner's trial, Com. witness Erin Brannick (Sipes) made several statements allegedly made by her non-testifying mother, Cindy Brannick. Erin stated,"She came to me and said that her and Mark had decided that they were going to do a modeling portfolio for me, and she had cut a picture out of a magazine as an example of the kind of pictures that I would be taking." Later on in her testimony, she said, "He and my mom went and talked and my mom came back to me and said, "they were going to take what Mark called shadow pictures, which I was——she asked me to take my bathing suit top off and I would be topless in the pictures but you couldn't see anything." And again, "My mom and Mark went to another room to talk, and my mom came back and said "that she was tired but Mark wasn't done yet so she was going home. And he——when he finished with me he was going to bring me home." Erin additionally made another statement allegely made by another non-testifying individual named Keitha. Erin stated, "When I told Keitha, she told me I needed to tell my mom what happened." Neither of these individuals testified or were at the trial to testify. Not only are these statements hearsay and inadmissable and should have been objected to, but also denied Petitioner his right to confront these statements because neither person was available for cross-examination.

(b) Direct Appeal of Ground

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of·your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location òf the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: Raising this issue per **Martinez V. Ryan,** - Ineffective assistance of trial counsel issue not raised in the initial RCr 11.42 post-conviction proceeding.

GROUND SIXTEEN: Petitioner was denied effective assistance of counsel under the 6th Amend. to the U.S. Const. when trial counsel failed to object to hearsay statements of Cindy Brannick, a non-testifying witness introduced through testimony of Gary Sipes, Tammy Shields, and Det. Angela Merrick.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): At Petitioner's trial, 3 additional Com. witnesses, Gary Sipes, Tammy SShields,and Det. Merrick all made statements allegedly made by the non-testifying witness Cindy Brannick. Gary Sipes testified, "I opened the drawer and there were all those photographs that her mother said had been destroyed." Tammy Shields testifyed, "I asked Cindy to come home and Cindy just basically, told me O could handle the situation by myself. She was not ready to come home." and later,"She gave her(Cindy) financial—She gave her mom money all the time. It was kind of "you have to give me money." type of thing. Det. Marrick testified, "Cindy Brannick, in the controlled phone call, confirmed that there were pictures taken." and "And then later when I talked to Cindy Brannick, she said that they did the same thing and we were able to locate it then." At no time did trial counsel object to these of any hearsay statements allowing inadmissable evidence to be introduced to the jury and denying the Petitioner the opportunity to confront the individual.

(b) Direct Appeal of Ground

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑  No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑  No XX

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue:  Raising this issue per **Martinez V. Ryan,** – Ineffective assistance of trial counsel issue not raised in the initial RCr 11.42 post-conviction proceeding.

:ROUND

GROUND SEVENTEEN: Petitioner was denied effective assistance of counsel under the 6th Amend. to the U.S. Const. when trial counsel failed to objecy to hearsay statements of Cindy Brannick, a non-testifying witness, introduced by the Com. Atty.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During Petitioner's trial, the Com. Atty. made several hearsay statements to the jury to influence them. The Com. Atty. told the jury in his closing statements, "We know that Cindy Brannick put that makeup on her and showed pictures of what she wanted. Now, I mean by this is—and Mr. Yanney admits this—that actually Cindy brought over somthing even more explicit, more explicit than this, okay, and said,"This is what I want you to do with my daughter." and, "What should they do the moment a parent says "I want explicit pictures of my daughter", and again later he states, "I don't dispute Mr. Yanney that the photo's were actually more explicit, you know, the ones that she said, "This is what I want of my daughter." These inadmissable hearsay statements were presented, by the Com. Atty., with the sole purpose of influencing the jury against the Petitioner. Trial counsel should have objected to these hearsay statements. This was a denial of Petitioner's right to confront an individual that was not a witness or present in court.

(b) Direct Appeal of Ground

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of·your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location òf the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: Raising this issue per **Martinez V. Ryan,** - Ineffective assistance of trial counsel issue not raised in the initial RCr 11.42 post- conviction proceeding.

GROUND EIGHTEEN: Petitioner was denied his right to effective assistance of counsel under the 6th Amend. th the U.S. Const. when counsel failed to object to an unreliable and inadmissable CACU intake log entered into evidence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): At trial, The Com. introduced a CACU Intake Log allegedly created prior to trial showing that the alleged victim reported the allegations against Petitioner as recently as 5 years before trial. Trial counsel should have objected to the admission of this unreliable evidence. The Com. Atty. states during trial that the CACU Intake Log is faulty. The Prosecutor admits that the <u>alleged victim's listed date of birth is 3-7-2004.</u> This is <u>7 years after the alleged incident.</u> Additionally, as acknowledged by the Com. Atty., this Intake Log <u>listed the incident date as 6-21-1905, **103 years prior to trial**</u> and long before anyone associated with this trial was even born. The Com. Atty. admitted there was no associative supporting file connected to or with this Intake Log. These facts make this Intake Log unreliable and inadmissible and should have been objected to by trial counsel. This unreliable and inadmissable Intak Log was introduced by the Com. Atty. in a blantant attempt to bolster the accuser's credibility.

(b) **Direct Appeal of Ground**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: Raising this issue per **Martinez V. Ryan,** - Ineffective assistance of trial counsel issue not raised in the initial RCr 11.42 post-conviction proceeding.

GROUND **NINETEEN**: Petitioner was denied his right to effective assistance of counsel under the 6th Amend. to the U.S. Const. when counsel coerced him into signing, and failing to explain the consequences of an improper sentencing agreement.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>After Petitioner was tried and convicted at trial</u>, defense counsel confiscated Petitioner's personal items including his <u>glasses</u>, stating they were not allowed in jail, and gave them to Petitioner's son. Petitioner was taken to a "no contact" holding cell next to the courtroom. Counsel then brought a document that he stated was a "Sentencing Agreement" telling the Petitioner that it was a sentencing agreement for 15 years in prison and this was the best deal the Petitioner could get. Without his glasses, Petitioner was forced to rely on trial counsel's explanation. The Petitioner was never informed by counsel that this improper agreement would constitute the sentence as a violent offense, 5 year conditional discharge, loss of goodtime while incarcerated, and housing restrictions in violation of ex-post-facto law. The violent offender law pertaining to this charge did not take effect until 2006, 9 years after the alleged commission of this crime. Counsel also failed to inform the Petitioner that he was giving up his right to appeal the decision. The laws pertaining to Petitioners crime and sentence, changed several times between 1998, the alleged date of occurence, and 2010, when Petitioner was convicted and sentenced. The Petitioner was prejudiced by not being sentenced under the 1998 law in effect in 1998 when this crime allegedly occured extending Petitioner's sentence.

(b) Direct Appeal of Ground

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: Raising this issue per **Martinez V. Ryan,** – Ineffective assistance of trial counsel issue not raised in the initial RCr 11.42 proceeding.

GROUND **TWENTY :** Petitioner was denied effective assistance of counsel under the 6th Amend. to the U.S. Const. when trial counsel failed to establish a date for the alleged commission of the crime and allowing the application of a sentence that violates ex-post-facto law.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner was arrested in March of 2008 based on an allegation by the accuser that she had been abused by the Petitioner 10 years prior. This would have designated the alleged crime to have been committed in March of 1998. The incident states a time frame of 3-1999 to 3-2000. Throughout trial the Prosecutor and witnesses testimony referenced the year of 1998 and also that the incident, when reported in 2008, occured 10 years prior which places the alleged incident occuring in 1998. The establishment of a time of occurence is extremely important due to the various statute changes that occured during this time. Additionally, Petitioner was sentenced under the 2010 Statute for an alleged crime that he was found guilty of committing between 1998 and 2000. The statutes pertaining to this crime changed 3 or more times between 1998 and 2010. Petitioner has been prejudiced by counsel failing to establish a specific date or even a year of the alleged crime. The changes in the law definitely extend the Petitioner's length of sentence, good time earned while incarcerated, housing restrictions when released, and amount of conditional discharge which was not enacted until 2006, well after the alleged commission of this crime.

(b) Direct Appeal of Ground

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of·your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: Raising this issue per **Martinez V. Ryan,** – Ineffective assistance of trial counsel issue not raised in the initial RCr 11.42 post-conviction proceeding.

13.     Please answer these additional questions about the petition you are filing:

    (a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?     ☐ Yes     ☒ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them: Ground 1 presented to Court of Appeals on Direct appeal.
        Grounds 2 through 6 presented to Court of Appeals on appeal of RCr 11.42 Motion.
        Grounds 7 through 20 were never raised in the initial post conviction motion due to
        the inexperience and incompetence of retained counsel.

    (b)     Is there any ground in this petition that has not been presented in some state or federal court? If so,

        ground or grounds have not been presented, and state your reasons for not presenting them:
        Grounds 7 through 20 were never raised in the initial post conviction motion due to
        the inexperience and incompetence of retained counsel.

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?     ☐ Yes     ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

    of any court opinion or order, if available.

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?     ☐ Yes     ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

    raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing: James Falk, Address unknown, Moved to South Carolina during pretrial, shortly after arraignment.

(b) At arraignment and plea: James Falk, Address unknown, Moved to South Carolina shortly after Arraignment.

(c) At trial: James Falk, Address unknown, Moved to South Carolina shortly after Arraignment.

(d) At sentencing: Joe Blandford, The Landward House, 1387 S. Fourth St., Louisville KY. 40208.

(e) On appeal: Joe Blandford, The Landward House, 1387 S. Fourth St., Louisville KY. 40202.

(f) In any post-conviction proceeding: Joe Blandford, The Landward House, 1387 S. Fourth St., Louisville, KY. 40208.

(g) On appeal from any ruling against you in a post-conviction proceeding: Maureen Sullivan, Kentucky Home Life Building, 239 South Fifth St., Suite 1700, Louisville, KY. 40202.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐ Yes     ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
     N/A

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ☐ Yes     ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

| | |
|---|---|
| 3–1–2010 | Final Judgment/Sentencing |
| 3–26–2010 | Notice of Appeal |
| 12–22–2011 | Direct Appeal Opinion |

(Continued on Next Page)

| | |
|---|---|
| 6–28–2012 | Pro-Se RCr 11.42 filed |
| 2–28–2013 | Supplemental RCr 11.42 filed |
| | (Submitted by retained counsel) |
| 2–12–2016 | RCr 11.42 Denied by Circuit Court |
| 2–23–2016 | Notice of Appeal filed |
| 1–11–2019 | Court of Appeals Denial of RCr 11.42 |
| 2–12–2019 | Motion for Discretionary Review |
| 4–23–2019 | Motion for Discretionary Review withdrawn by Appellant |

Tolling Time Calculations

365 days
+90 days (Writ of Certerori not filed)
+21 days (Direct Appeal becoming final)
476 days
-187 days (Time between Direct Appeal opinion and Pro-Se RCr 11.42 Motion)
- 85 days (Time lapse between withdraw of M.D.R. and filing of this Petition )
204 days (Remaining to file Petition as of July 17, 2019)

This Petition is due by February 6, 2020

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Grant this Writ of Habeas Corpus or, Order an
Evidentiary Hearing and appoint counsel to represent Petitioner at the hearing, or in the alternative, appoint counsel
to represent Petitioner in all future filings required in this action including the preparation of his Memorandum
of Law which will be necessary to respond to the Commonwealth

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on ___07-17-2019___ (month, date, year).

Executed (signed) on ___07-16-2019___ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.