UNITED STATES DISTRICT COURT
Western District of Kentucky
Case No: 3:19-CV-528-CRS

FILED (JS)
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
19 JUL 18 PM 12:32

Mark Yarmey                                                          PLAINTIFF

V.                          MOTION FOR LAWYER HELP

Keven Mazza, Warden                                                  DEFENDANT

\*\*        \*\*        \*\*        \*\*        \*\*        \*\*

> Unable to help myself with this. I am begging to be given help from anyone who knows more than the lawyers that have "helped" so far.

1) Mark Damian Yarmey is the Petitioner in this Federal Habeas Petition filed in the Western District Court of Kentucky.

2) Petitioner had been represented by retained counsel throughout the entire state court proceedings. However, Petitioner nor any member of his immediate family had been charged with a crime, so they had absolutely no experience with the criminal justice system and no knowledge of how to evaluate and hire a criminal defense attorney, and had no idea that all attorneys are not competent, experienced and qualified in every area of the law. Therefore, Petitioner was misled by a number of attorneys who misrepresented there little experience and knowledge of criminal law and the criminal appellate system just so they could take Petitioner's money, even though they were not capble of properly representing Petitioner's needs. Therefore, Petitioner had incompetent representation throughout his entire state court proceedings as outlined below:

a) Petitioner retained James Falk to represent him at trial. Mr. Falk represented himself to be highly qualified and very experienced in representing clients charged with sexual related crimes. Long after trial, Petitioner discovered that Mr. Falk had no trial experience with these type of cases and his inexperience is very evident from the trial videos. Additionally, Mr. Falk moved to South Carolina when he was suppose to be investigating and developing Petitioner's case.

b) Since Petitioner was found guilty and incarcerated, Petitioner's son had to select an appellate attorney to represent the Petitioner. Petitioner's son was lied to by Joseph Blandford Jr. when he proclaimed to be an experienced post-conviction attorney. Mr. Blandford knew very little about post-conviction work

and Petitioner is enclosing the RCr 11.42 Motion with this request for appointment of counsel in order to show this Honorable Court how incompetent Mr. Blandford was. First Mr. Blandford did not even number the pages of this motion. However, starting with page nine of this motion, there are five arguments discussed in the next eleven pages and Mr. Blandford cited only **ONE CASE LAW** in the entire eleven pages of arguments.

Four arguments contained absolutely **NO CASE LAW** to support the issue. The RCr 11.42 Motion filed by Mr. Blandford on behalf of Petitioner was not even equivalent to a $50.00 (fifty dollar) motion filed by an incompetent prison legal aide who only has to complete a three week training course. Once again, the system failed the Petitioner.

c) Petitioner was then directed toward Maureen Sullivan. Ms. Sullivan misrepresented her abilities and Petitioner retained her to prepare the appeal of his RCr 11.42 Motion to the Kentucky Court of Appeals. Her prepared brief was weak and even criticized in the Court's opinion denying Petitioner relief.

3) Petitioner has no money left to seek representation on his Petition and is humbly asking this Honorable Court to allow Petitioner to be represented by competent counsel. Petitioner has no knowledge of Federal Law and how it pertains to his issues contained in this Petition.

4) Petitioner could not even prepare this Petition. **It was prepared for him by an experienced Inmate Legal Advisor.** The Legal Advisor watched the Petitioner's trial videos and believes Petitioner has multiple valid Constitutional violations under **Martinez V. Ryan**, 566 U.S. 1,132 S.Ct. 1309,182 L.Ed. 272(2012). These issues were never raised in Petitioner's initial post-conviction motion and are explained in grounds Seven through Twenty in this Petition.

5) This Legal Advisor will no longer be available to assist Petitioner in the future with his Petition. Petitioner has been told by the six assigned Legal Aides at this institution that they have no knowledge of federal Habeas research and won't get involved.

**Therefore,** Petitioner respectfully requests this Honorable Court show compassion and understanding and appoint competent counsel to develope and present these

legitimate and Constitutional issues, omitted by incompetant counsel, to the Court, thereby giving this Petitioner a fair and reasonable chance to aquire the justice and oppertunity he deserves.

Respectfully submitted,

*Mark Yarmey*
Mark Yarmey, Pro-Se
#234693

Green River Correctional Complex
1200 River Rd.
P.O. Box 9300
Central City, KY. 42330

3