UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00528-JRW-LLK

MARK DAMIAN YARMEY                                                                                      PETITIONER

v.

KEVEN MAZZA, Warden                                                                                     RESPONDENT

**MEMORANDUM OPINION AND ORDER**
**APPOINTING COUNSEL AND EXPANDING THE STATE-COURT RECORD**

Petitioner filed a pro-se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, to which Respondent responded in opposition. (Dockets # 1, 13.) This matter is before the Court on Petitioner's motion to appoint counsel and his motion to withdraw his petition. (Dockets # 14 and 19.) The Court referred this matter to the undersigned Magistrate Judge "pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter." (Docket # 7.) For the reasons below, the Court will GRANT Petitioner's motion to appoint counsel (Docket # 14) and will defer ruling on his motion to withdraw (Docket # 19). Additionally, the Court will order Respondent to EXPAND the state-court record.

**Discussion**

Appointment of counsel in Section 2254 cases is warranted for any financially eligible prisoner when "the interests of justice so require." *Doyle v. Haney*, No. CIVA 5:06CVP169 R, 2007 WL 647560, at *1 (W.D. Ky. Feb. 23, 2007) (quoting 18 U.S.C. § 3006A(a)(2)(B)). A review of Petitioner's prison trust fund account statement (Docket # 16) indicates that he is financially eligible.

"In determining whether appointment of counsel is required for prisoners seeking habeas relief ..., the court should consider the factual and legal complexities of the case, the prisoner's ability to investigate and present claims, the existence of conflicting testimony, and any other relevant factors." *Id.* (citing *Satter v. Class*, 976 F.Supp. 879, 885 (D.S.D. 1997)). For the reasons detailed below, the fact that

1

Petitioner filed a motion to withdraw his petition shows a lack of understanding of the legal requirements of the 1-year period of limitation established by 28 U.S.C. § 2244(d) and constitutes an "other relevant factor" warranting appointment of counsel -- namely, that Petitioner appears to be unable to prosecute his claims in his own self-interest. Additionally, Petitioner's Claims 7 through 20 raise complex legal and factual issues. Therefore, the interests of justice favor appointment of counsel.

**Petitioner needs counsel to advise him regarding his motion to withdraw his petition.**

On December 22, 2011, the Kentucky Court of Appeals affirmed Petitioner's convictions on direct appeal. *Yarmey v. Commonwealth*, No. 2010-CA-000604-MR, 2011 WL 6743294 (Ky. Ct. App. Dec. 22, 2011). The Court of Appeals stamped the opinion as "final" as of February 16, 2012. (Docket # 13-1 at 122.)

Approximately 2.5 months later, on May 3, 2012, Petitioner filed a pro-se motion for post-conviction relief pursuant to Kentucky Rules of Civil Procedure (CR) 60.02. (Docket # 13-1 at 148.) Later, he filed another motion for post-conviction relief pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. *Yarmey v. Commonwealth*, No. 2016-CA-001245-MR, 2019 WL 169133, at *1 (Ky. Ct. App. Jan. 11, 2019). Petitioner requested an evidentiary hearing, which the trial court ultimately granted. *Id.* Petitioner retained counsel and filed a second RCr 11.42 motion, arguing ineffective assistance of trial counsel. *Id.* The trial court denied Petitioner's 60.02 and 11.42 motions. *Id.* The Kentucky Court of Appeals affirmed the denial on January 11, 2019. *Id.*

Approximately 6 months later, on or about July 18, 2019, Petitioner filed the present petition. (Docket # 1.) Therefore, a total of approximately 8.5 months of Petitioner's 1-year period of limitation established by 28 U.S.C. § 2244(d) ran before Petitioner filed his petition.

The filing of a federal habeas corpus petition does not toll the running of the 1-year period of limitation. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a petition is not an "application for State post-conviction or other collateral review" under § 2244(d)(2) and, therefore, its

filing does not toll the limitation period). Thus, Petitioner's 1-year period of limitation expired approximately 3.5 months after July 18, 2019 -- on approximately November 1, 2019.

Petitioner's motion to withdraw "further requests this Honorable Court grant him leave to refile his Habeas Corpus Petition [after exhaustion of] the decision of the Jefferson Circuit Court" on his recently-filed CR 60.02 motion. (Docket # 19 at 2.) However, it is unclear whether the Court is authorized to grant this request.

Under certain circumstances, a petitioner may make a showing allowing the district court to hold a petition in abeyance pending exhaustion of state-court remedies. *See e.g. Cross v. White*, No. 5:15-CV-00158-TBR, 2016 WL 7223440 (W.D. Ky. Dec. 13, 2016) (citing *Rhines v. Weber*, 544 U.S. 269, 273 (2005)). However, it is unclear whether the present petition is properly classified as (or is sufficiently analogous to) a so-called "mixed" petition containing both exhausted and unexhausted claims to allow the Court to hold Petitioner's petition in abeyance while his pursues "unexhausted" claims (in his recently-filed 60.02 motion). Therefore, Petitioner needs counsel to advise him regarding his motion to withdraw his petition.

**In the event Petitioner withdraws his motion to withdraw,
he will need counsel to assist him in prosecuting his Claims 7 through 20.**

The petition raises 20 claims. Claim 1 is a Due Process claim, which the state courts rejected on direct appeal. *Yarmey v. Commonwealth*, No. 2010-CA-000604-MR, 2011 WL 6743294 (Ky. Ct. App. Dec. 22, 2011). Claims 2 through 6 are ineffective assistance of trial counsel (IATC) claims, which Petitioner alleges the state courts rejected in connection with his post-conviction 60.02 and 11.42 motions. *Yarmey v. Commonwealth*, No. 2016-CA-001245-MR, 2019 WL 169133 (Ky. Ct. App. Jan. 11, 2019). Claims 7 through 20 are IATC claims, which Petitioner admits he did not present in his post-conviction motions but, according to Petitioner, this Court must nevertheless consider in light of *Martinez v. Ryan*, 566 U.S. 1 (2012).

*Woolbright v. Crews*, 791 F.3d 628 (6th Cir. 2015) held that ineffective assistance of post-conviction counsel (or total lack of counsel) may establish cause to excuse a Kentucky defendant's

3

procedural default of a substantial IATC claim. A substantial claim is one that "has some merit." *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). Based on a preliminary review of Petitioner's Claims 7 through 20, it is unclear whether they have "some merit." Therefore, in the event Petitioner withdraws his motion to withdraw, he will need counsel to assist him in prosecuting his Claims 7 through 20.

**Counsel will need additional materials regarding Claims 7 through 20.**

A Kentucky defendant is entitled to effective assistance of post-conviction counsel only at the initial-review (as opposed to appellate) level. *Woolbright v. Crews*, No. 1:12-CV-00080-GNS, 2018 WL 357908, at *4 (W.D. Ky. Jan. 10, 2018). "[A] procedural default caused by ineffective assistance of counsel in 'appeals from initial-review collateral proceedings' cannot excuse [a *Martinez*-type procedural] default." *Id.* (quoting *Martinez*, 566 U.S. at 16).

A preliminary review of the state-court record submitted by Respondent (Dockets # 13-1 through 13-5) indicates insufficient evidence to determine whether the procedural default of Petitioner's Claims 7 through 20 is properly attributable to initial-level or appellate post-conviction counsel. In particular, Petitioner's appellate brief (following denial of his post-conviction 60.02 and 11.42 motions) is not included in the materials Respondent submitted.

**Order**

Therefore, Petitioner's motion to appoint counsel (Docket # 14) is hereby **GRANTED**. The Clerk has **appointed** the **Honorable Armand Judah,** under the Criminal Justice Act, to represent Petitioner beginning on January 3, 2020. Mr. Judah may access information regarding this case through Pacer.

On or before February 1, 2020, Respondent shall EXPAND the state-court record to include relevant materials (as indicated above) regarding Petitioner's post-conviction CR 60.02 and RCr 11.42 motions.

The Court will SCHEDULE a telephonic status conference after Respondent supplements the record.

**Lanny King, Magistrate Judge**
**United States District Court**

January 4, 2020

c: Quality Analyst
Petitioner
Respondent
The Honorable Armand Judah