**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:19-cv-00528-RGJ-LLK**

**MARK DAMIAN YARMEY**                                                                                    **PETITIONER**

**v.**

**KEVIN MAZZA, Warden**                                                                                    **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

Petitioner, through appointed counsel, filed an amended petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, [Docket Number ("DN") 33], which superseded and replaced his original pro-se petition, [DN 1]. This matter is before the Court on Respondent's limited response to the amended petition, [DN 39], and to which Petitioner replied and requested an evidentiary hearing, [DN 41]. The Court referred this matter to the undersigned Magistrate Judge "pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter." [DN 7].

For the reasons below, this Order will REQUIRE Respondent to FILE an unlimited response to Petitioner's amended petition, [DN 33], and request for an evidentiary hearing, [DN 41].

**Petitioner's claims are exhausted.**

The amended petition raises fourteen (14) claims of ineffective assistance of trial counsel ("IATC"). [DN 33]. In his limited response, Respondent argues that the amended petition is subject to dismissal as a "mixed" petition contained both exhausted claims (2, 4, and 5) and unexhausted claims (1, 3, 6 through 14). [DN 39].[1] In his reply, Petitioner "agrees with Respondent that Grounds 1, 3, 6 through 14 are

---

[1] A federal court cannot grant habeas relief if the petitioner still has state remedies available. *See* 28 U.S.C. § 2254(b)(1)(B). That rule applies to petitions that contain a mix of exhausted and unexhausted claims. In that situation, a district court has discretion to:

(1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, (3) permit the petitioner to dismiss the unexhausted

1

unexhausted claims" but would place Claim 2 in the unexhausted category as well. [DN 41]. For the reasons below, the undersigned has determined (tentatively, pending report and recommendation to the district judge) that all fourteen claims are exhausted.

A "petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). "A claim may become procedurally defaulted in two ways." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, "a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir.2013). "Second, a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806. "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id.*

In the present case, Petitioner's Claims 1, 3, 6 through 14 are procedurally defaulted under the second *Williams v. Anderson* category. This is because, as Respondent explains:

> Under Kentucky law, the procedural vehicle for bring an IATC claim is in a motion to vacate pursuant to Kentucky Rules of Criminal Procedure ("RCr") 11.42. Pursuant to RCr 11.42(10), any motion under this rule shall be filed within three years after the judgment becomes final, unless the movant proves one of two exceptions: that the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence; or that the fundamental constitutional right asserted was not established within the period provided for within RCr 11.42 and has been held to apply retroactively. Moreover, a successive RCr 11.42 motion is impermissible pursuant to RCr 11.42(3), which has been held to bar successive RCr 11.42 motions. *Sanders v. Commonwealth*, 339 S.W.3d, 427, 438 (Ky. 2011.)

[DN 39 at 1-2]. The Kentucky Court of Appeals affirmed the trial court's denial of Petitioner's 11.42 motion and found Petitioner's Claims 4 and 5 (and maybe Claim 2 as well) to be without merit. *Yarmey v.*

---

claims and proceed with the exhausted claims, or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.
*Harris v. Lafler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009).

*Commonwealth*, No. 2016-CA-001245-MR, 2019 WL 169133 (Ky. Ct. App. Jan. 11, 2019). Claims 1, 3, 6 through 14 are new claims first articulated by Petitioner in his amended petition. It is too late (procedurally) for Petitioner to present these claims to the state courts.

### Respondent must respond to Petitioner's claims in light of *Martinez v. Ryan*.

Historically, because a post-conviction petitioner had no right to counsel, the ineffectiveness of post-conviction counsel could not serve as cause to excuse a procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 757 (1991) ("Because Coleman had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of Coleman's claims in state court cannot constitute cause to excuse the default in federal habeas."). Thus, under prior rules, Petitioner's Claims 1, 3, 6 through 14 would have been deemed procedurally defaulted, and the default would have been deemed unexcused.

More recently, however, the Supreme Court has created a narrow exception to the rule of procedural default in *Coleman v. Thompson*. In *Martinez v. Ryan*, the Supreme Court held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. 1, 17 (2012). The Supreme Court explained why this shift away from *Coleman* was necessary:

> To protect prisoners with a potentially legitimate claim of ineffective assistance of trial counsel, it is necessary to modify the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default. This opinion qualifies *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.

*Id.* at 9.[2] In *Woolbright v. Crews*, the Sixth Circuit recognized that a motion under Kentucky's RCr 11.42 is subject to the *Martinez* exception. 791 F.3d 628, 630 (6th Cir. 2015).

The *Martinez* exception applies only if Petitioner shows that "the underlying ineffective-assistance-of-trial-counsel [IATC] claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14.

The *Martinez* exception does **not** apply to "attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings." *Id.* at 16. In this case, an attorney represented Petitioner with respect to his 11.42 motion before the trial court, and Petitioner made five numbered claims of IATC. [DN 13-2 at 17, 25, 28, 30-31, 34]. A different attorney represented Petition in his appeal of the denial of his 11.42 motion, and Petitioner made four numbered claims of IATC. [DN 21-2 at 2, 6].

Respondent must respond to Petitioner's claims in light of *Martinez v. Ryan*. The response should discuss (without limitation): 1) Whether Petitioner's Claim 2 is exhausted in the sense of being fairly presented to the state courts or in the sense of being too late to present to the state courts; 2) Whether any of Petitioner's claims was presented in his initial 11.42 motion but not pursued on appeal of the denial of the 11.42 motion; 3) Whether initial 11.42 counsel was ineffective (for the limited purpose of excusing a procedural default) for not raising Petitioner's Claims 1, 3, 6 through 14; and 4) Whether Claims 1, 3, 6 through 14 are "substantial" in the sense of having "some merit."

**Respondent must respond to Petitioner's request for an evidentiary hearing.**

In his reply, Petitioner requests "an evidentiary hearing to address his claims, in particular to establish cause for procedural default of his ineffective assistance of trial counsel and ineffective assistance of his initial-review collateral proceeding counsel under the standard of *Martinez v. Ryan*, 566 U.S. 1 (2012) and followed by *Woolbright v. Crews*, 791 Fed.3d 628 (6th Cir. 2015)." [DN 41 at 3].

---

[2] While ineffective assistance of post-conviction counsel may provide cause to excuse procedural default of a substantial IATC claim, the Supreme Court expressly declined to decide whether a freestanding right to post-conviction counsel exists. *Id.* at 16.

Respondent must respond to Petitioner's request for an evidentiary hearing. The response should indicate which, if any, of the above issues are properly the subject of an evidentiary hearing and why.

**Order**

Therefore, it is hereby ORDERED that, within 30 days of entry of this Order, Respondent shall FILE an unlimited response to Petitioner's amended petition, [DN 33], and request for an evidentiary hearing [DN 41].

February 12, 2021

Lanny King, Magistrate Judge
United States District Court