UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARK DAMIAN YARMEY                                                                    Petitioner

v.                                                              Civil Action No. 3:19-cv-528-RGJ-LLK

KEVEN MAZZA, WARDEN                                                                 Respondent

**MEMORANDUM OPINION AND ORDER**

Petitioner Mark Damian Yarmey ("Yarmey") Objects [DE 57] to Magistrate Judge Lanny King's ("Magistrate Judge") Findings of Fact and Recommendation [DE 56 ("R&R")] denying Yarmey's § 2254 petition and certificate of appealability. The Respondent, Keven Mazza, the Warden, did not respond to the objections. Yarmey also filed a motion for ruling on his objections. [DE 58]. This matter is ripe. For the reasons below, the Court **DENIES** Yarmey's Objections [DE 57], **ADOPTS** the R&R [DE 56], and **GRANTS** Yarmey's Motion for Ruling [DE 58].

## I. BACKGROUND

Yarmey was indicted in Jefferson County, Kentucky, on charges of first-degree sodomy and using a minor in a sexual performance ("UMSP"). Yarmey was a photographer who was convicted of taking nude photographs of the victim at his home in 1999 or 2000 at the request of the victim's mother, who was (at least, for some period of time) "being prosecuted in connection with the events of this night" at Yarmey's house. *Yarmey v. Commonwealth*, No. 2010-CA-000604-MR, 2011 WL 6743294, n.1 (Ky. Ct. App. Dec. 22, 2011) ("*Yarmey I*").

The sodomy count carried a maximum penalty of 20 to 50 years or life, and the UMSP count carried a maximum penalty of 10 to 20 years. [DE 13-1 at 87]. At trial, Yarmey testified in his own defense.

On December 14, 2009, the jury was unable to reach a unanimous verdict on the sodomy count but found Yarmey guilty on the UMSP count. [DE 13-1 at 88].

On December 15, 2009, Yarmey entered into a conditional plea agreement with the Commonwealth, pursuant to Kentucky Rule of Criminal Procedure ("RCr") 8.09, to the effect that, in exchange for a plea of guilty to UMSP and waiver of a sentencing hearing, the Commonwealth agreed to dismiss the sodomy count without prejudice and to not oppose a 15-year sentence on the UMSP count. *Id.* The conditional plea agreement allowed Yarmey to appeal three pre-plea trial-error claims, which the Kentucky Court of Appeals considered and rejected on direct appeal.[1]

On December 18, 2009, the trial court entered an Order declaring a "mistrial . . . on count one of the indictment, sodomy in the first degree, based upon manifest necessity." [DE 13-1 at 91]. On an unknown date, Yarmey filed a Motion to Enter Guilty Plea. [DE 13-1 at 89–90]. "The trial court held a . . . colloquy in which Yarmey affirmed he was freely accepting the prosecution's offer." *Yarmey v. Commonwealth*, No. 2016-CA-001245-MR, 2019 WL 169133, at *4 (Ky. Ct. App. Jan. 11, 2019) ("*Yarmey II*"). On March 1, 2010, the trial court entered its judgment of conviction, sentencing Yarmey to 15 years' imprisonment for UMSP. [DE 13-1 at 111].

Yarmey filed a motion for postconviction review pursuant to RCr 11.42. *Yarmey II*, 2019 WL 169133, at *4. The trial court denied the motion, and the Kentucky Court of Appeals affirmed. *See id*. Postconviction counsel represented Yarmey both at the trial court level and on appeal.

In his RCr 11.42 motion, Yarmey claimed, among other things, that trial counsel was ineffective "because of [certain] medications [counsel] was taking during the trial," which allegedly caused counsel not to "make certain objections during the trial." *Id.* at *3. The Kentucky

---

[1] Those claims were whether the trial court erred in: 1) Admitting seven Polaroid photographs of the victim into evidence; 2) Denying Yarmey's proposed limiting instruction for the photographs; and 3) Not allowing Yarmey to cross-examine the victim concerning a rape that occurred in Florida after the events in question in this case.

2

Court of Appeals summarily dismissed the claim for lack of specificity—both with respect to the medications and the objections.

On July 18, 2019, Yarmey filed his *pro se* § 2254 petition and supporting memorandum before this Court setting forth several claims. [DE 1]. On January 6, the Magistrate Judge entered a Memorandum Opinion and Order Appointing Counsel and Expanding the State-Court Record. [DE 20].

On July 28, 2020, Yarmey filed, through counsel, an amended petition, which superseded and replaced his original *pro se* petition. [DE 33]. Respondent filed a "limited response" in opposition, arguing that the amended petition was subject to dismissal as a "mixed" petition containing both exhausted and unexhausted claims [DE 39] and Yarmey replied [DE 41]. Pursuant to this Court's referral order, the Magistrate Judge issued an R&R on Yarmey's § 2254 petition. [DE 56]. The R&R recommended dismissing the Petition and that the Court deny a Certificate of Appealability. [*Id.*]. Yarmey timely objected to the R&R. [DE 57]. The Court now considers the R&R and Yarmey's objections.

## II. STANDARD

### A. Standard of Review

A district court may refer a motion to a magistrate judge to prepare a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "A magistrate judge must promptly conduct the required proceedings . . . [and] enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). This Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court need not review under a de novo or any other standard those aspects of the report and recommendation to which no specific objection is made and may adopt the

findings and rulings of the magistrate judge to which no specific objection is filed. *Thomas v. Arn*, 474 U.S. 140, 149–50, 155 (1985).

A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alterations in original) (citation omitted). A general objection that fails to identify specific factual or legal issues from the R&R is not permitted as it duplicates the magistrate judge's efforts and wastes judicial resources. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). After reviewing the evidence, the Court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

### B. Standard for Relief from a State Conviction under Federal Habeas Statute

Chapter 153 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Sta. 1214 (1996) ("AEDPA") governs Yarmey's claims. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA applies to all habeas corpus petitions filed after April 24, 1996 and requires "heightened respect" for legal and factual determinations made by state courts. *See Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The pertinent section provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is "difficult to meet and [is a] highly deferential standard . . . ." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks omitted). When the

4

state court articulates the correct legal rule in its review of a claim, a "federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 411 (2000); *see also Tolliver v. Sheets*, 594 F.3d 900, 916 (6th Cir. 2010). Instead, the Court must ask "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409.

The Supreme Court has concluded that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fairminded [*sic*] jurists could disagree that the state court's decision conflicts with this Court's precedents." *Nevada v. Jackson*, 569 U.S. 505, 508–09 (2013) (per curiam) (internal quotation marks omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)). As to § 2254(d)(2), a federal habeas court may not substitute its evaluation of the state evidentiary record for that of the state trial court unless the state determination is unreasonable. *Rice v. Collins*, 546 U.S. 333, 341–42 (2006). This subsection applies when a petitioner challenges the factual determinations made by the state court. *See Mitzel v. Tate*, 267 F.3d 524, 537 (6th Cir. 2001) (challenging the state court's determination that the evidence did not support an aiding and abetting suicide instruction); *Clark v. O'Dea*, 257 F.3d 498, 506 (6th Cir. 2001) (challenge to state court's factual determination that Sheriff has not seen letter before Clark's trial).

A state court decision is not contrary to United States Supreme Court precedent simply because it does not specifically cite Supreme Court cases. *Early v. Packer*, 537 U.S. 3, 8 (2002). Indeed, the state court does not even have to be aware of the controlling Supreme Court precedent, so long as neither the reasoning nor the result of the state court decision contradicts that precedent. *Id.* at 8; *Brown v. Bobby*, 656 F.3d 325, 3321 (6th Cir. 2011).

## III. DISCUSSION

Yarmey objects to the R&R for two reasons: (1) Respondent waived any procedural defense under *Tollett v. Henderson*, 411 U.S. 258 (1973) and (2) the Court should consider the merits of Yarmey's ineffective assistance of counsel claim. [DE 57].

**A. Waiver**

*i.  Standard for Waiver Under* Tollett

Under federal law, a guilty plea represents a break in the chain of events that preceded it in the criminal trial process. *See Tollett*, 411 U.S. at 267. When a defendant who has admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights, including ineffective assistance of counsel, that occurred prior to the entry of the guilty plea. *Id.* He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel to plead guilty was ineffective. *Id.* In other words, "[c]laims of pre-plea ineffective assistance not relating to the acceptance of the plea are waived under the rule announced in *Tollett v. Henderson*." *Rose v. Warden Chillicothe Corr. Inst.*, No. 18-3997, 2019 WL 5260158, at *3 (6th Cir. July 17, 2019).

Similarly, under Kentucky law, the general rule is that "pleading guilty unconditionally waives all defenses except that the indictment did not charge an offense." *Dickerson v. Commonwealth*, 278 S.W.3d 145, 148 (Ky. 2009). However, with a conditional plea agreement as entered by Yarmey, there is no waiver of "issues . . . expressly set forth in the conditional plea documents." *Id.* at 149.

6

ii.     *Analysis*

Yarmey objects to the R&R because the Magistrate Judge found that Yarmey's ineffective assistance of counsel claim was waived pursuant to *Tollett*. [DE 57 at 718]. The Magistrate Judge applied *Tollett* sua sponte. [DE 56 at 712]. Yarmey argues that the Magistrate Judge is prevented from applying *Tollett* because Respondent failed to preserve the defense. [DE 57 at 718].

Yarmey cites a handful of cases in support of his argument. [*Id.* at 717–18]. However, none of these cases discuss waiver under *Tollett*. Yarmey cites *Trest v. Cain*, 522 U.S. 87, 90 (1997), but, in *Trest*, the Supreme Court held that it would not decide whether the Fifth Circuit could raise procedural default sua sponte on appeal. Moreover, *Trest* did not involve waiver under *Tollett*. *See* 522 U.S. at 88 (reviewing procedural default for failure to timely raise federal claims in state court). The other two cases Yarmey cited also required courts to review timeliness requirements. [DE 57 at 718 (citing *Cradler v. United States*, 891 F.3d 659 (6th Cir. 2018) and *Wood v. Milyard*, 566 U.S. 463 (2012))]. Accordingly, the Court finds that it is bound by *Tollet*.

Here, Yarmey pleaded guilty to an offense after the jury had already found him guilty of the offense. *See Yarmey II*, 2019 WL 169133, at *1. His plea agreement secured a 15-year sentence on one count of UMSP, which carried a maximum penalty of 20 years. *Yarmey I*, 2011 WL 6743294, at *3. "Rather than facing retrial [on the sodomy count, which carried a possible life sentence], Yarmey entered a conditional guilty plea to the charge of the [UMSP]." *Yarmey I*, 2011 WL 6743294, at *3. Additionally, Yarmey was permitted to and did appeal three trial error claims.

Under *Tollett*, Yarmey's guilty plea represented a break in the chain of events that preceded it in the criminal trial process. *See* 411 U.S. at 267. Yarmey's "[c]laims of pre-plea ineffective assistance not relating to the acceptance of the plea are waived." *Rose*, 2019 WL 5260158, at *3.

7

The Court has reviewed the R&R and finds that the Magistrate Judge did not err in his application of *Tollett* and his analysis of Yarmey's ineffective assistance of counsel claims. Yarmey's objection is overruled.

**B. Ineffective Assistance of Counsel**

   *i.   Standard on Ineffective Assistance of Counsel*

To establish ineffective assistance of counsel, a defendant must show that: (1) "counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) "the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.

The prejudice inquiry requires the defendant "to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In the context of a criminal trial, the prejudice inquiry requires the defendant to show there is a reasonable probability that, absent trial counsel's errors, the jury would have had a reasonable doubt respecting guilt. *Id.* at 695.

The Court need not conduct the two-prong inquiry in the order identified above or even address both parts of the test if the defendant makes an insufficient showing on one. *Id.* at 697. For example, if the Court determines the defendant fails to satisfy the prejudice prong then it need not determine whether counsel's performance was deficient. *Id.*

When a habeas petitioner claims that his counsel has been ineffective, the assessment of trial counsel's judgment requires another layer of deference: the Court is "required not simply to give [the] attorney[ ] the benefit of the doubt, but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as [he] did." *Cullen*, 563 U.S. at 196 (internal quotation marks and citation omitted). Thus, the nexus of the AEDPA and *Strickland* compels the Court to be "doubly deferential," and "give[ ] both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Strickland* at 190) (internal quotation marks omitted).

 *ii.* *Analysis*

Yarmey objects to the R&R on the basis that his trial counsel was ineffective in advising him to enter a guilty plea. [DE 57 at 719]. The Magistrate Judge founds= that trial counsel was not ineffective because pleading guilty (1) avoided possible conviction, upon retrial, of first-degree sodomy, which carried a maximum penalty of life; (2) secured a 15-year sentence on the UMSP charge, which carried a maximum penalty of 20 years; and (3) secured the right to appeal three trial error claims. [DE 56 at 714–15].

As explained *supra* Section III.A., Yarmey waived all pre-plea claims. The only claim of ineffective assistance of counsel that may remain is based on counsel's advice to plead guilty. Yarmey may "only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was ineffective. *Tollett*, 411 U.S. at 267. Because a guilty

plea works as a waiver of certain constitutional rights, it must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970).

"Under 28 U.S.C. § 2254(d), the availability of federal habeas relief is limited with respect to claims previously 'adjudicated on the merits' in state-court proceedings." *Harrington*, 562 U.S. at 92. Here, the Kentucky Court of Appeals adjudicated Yarmey's ineffective assistance of counsel claim on its merits. *See Yarmey II*, 2019 WL 169133, at *4. The Court ultimately held that Yarmey's "claim of ineffective assistance of counsel regarding the guilty plea was properly dismissed." Therefore, federal habeas relief may not be granted unless Yarmey demonstrates the state appellate court's adjudication of the ineffective assistance of counsel claim "was contrary to, or involved an unreasonable application of" *Strickland*. *See Harrington*, 562 U.S. at 100–101. The "contrary to" clause of § 2254(d)(1) only allows the Court to grant the writ if (a) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (b) the state court decides a case differently than the Supreme Court "has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412–13.

Yarmey's objection [DE 57] fails to cite any cases indicating that the Kentucky Court of Appeals arrived at a conclusion contrary to one reached by the Supreme Court on a question of law. *See Williams*, 529 U.S. at 412–13. It also fails to cite any cases indicating that the Kentucky Court of Appeals reached a conclusion contrary to the Supreme Court on a set of materially indistinguishable facts. *See id.* Yarmey cites *McMann v. Richardson*, 397 U.S. 759, 771 (1970), which holds that counsel is required to exercise judgment "within the range of competence demanded of attorneys in criminal cases." [DE 57 at 720]. Yarmey then states that his counsel's

advice fell below this standard. [*Id.*]. However, Yarmey fails to explain how his counsel's advice was ineffective. [*Id.* at 720–21].

The Kentucky Court of Appeals clearly explained that "Yarmey faced sentencing for a Class B felony, stemming from a sex crime against child, and possible additional proceedings relating to the first-degree sodomy charge. Accordingly, advising Yarmey to mitigate a potentially longer sentence than one of 15 years was not irrational, even though he would serve 85% of it before becoming parole eligibile." *Yarmey II*, 2019 WL 169133, at *4. The Magistrate Judge also noted that Yarmey was aware that, by pleading guilty, he would be waiving the right to appeal all but three trial error claims. [DE 56 at 714] . Among the rights waived was the right to appeal to a higher court. [DE 13-1 at 89].

For these reasons, Yarmey has failed to demonstrate that the ruling the Court of Appeals of Kentucky "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. Thus, the state court's analysis is not contrary to federal law, and the R&R contains no error on this point.

The Court has reviewed the R&R and finds that the Magistrate Judge did not err in his analysis of Yarmey's ineffective assistance of counsel claim. Yarmey's objections are overruled.

### C. Certificate of Appealability

Finally, Yarmey objects to the Magistrate Judge's recommendation that a Certificate of Appealability ("COA") be denied on the ineffective assistance of counsel claim. [DE 57 at 721–22].

A COA may issue only if the petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. When "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Here, the Court held that Yarmey's ineffective assistance of counsel claim was denied on its merits. Yarmey has not shown "that reasonable jurists would find the district court's assessment of any of the constitutional claims debatable or wrong." *Id.* Thus, a COA is denied.

### III. CONCLUSION

Accordingly, for the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that

1) The Court **ADOPTS** the R&R [DE 56];

2) The Court **DENIES** Yarmey's Objections [DE 57];

3) A Certificate of Appealability is **DENIED**; and

4) Yarmey's Motion for Ruling [DE 58] is **GRANTED**.

5) The Court will enter separate judgment.

Rebecca Grady Jennings, District Judge
United States District Court

May 11, 2023